UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

In Re Terrorist Attacks on September 11, 2001 03 MDL 1570 (GBD)(SN)

----------------------------------------------------------------------------X

This document relates to:

*Ashton et.al. v. Qaeda Islamic Army, et. al.*, 02 cv-6977 (GBD)(SN)
*Schneider, et. al. Islamic Republic of Iran,* 02 cv-7209 (GBD)(SN)

**Schneider Plaintiff's Motion for Final Judgments against the Taliban and Muhammad Omar**

For the reasons set forth below, and the statements contained in the Declaration of Meryl I. Schwartz, Esq. ("Schwartz Declaration"), and the record in this case, the plaintiffs in the above captioned matters who are represented by Broder & Reiter and listed the exhibits to the Schwartz Declaration (*Schneider* Plaintiffs)[1] respectfully move for an Order for final damages judgments in connection with the losses and injuries they suffered as a result of the deaths of the decedents in the September 11, 2001 Terrorist Attacks set forth in the exhibits, in light of the default liability judgment they previously obtained against, among others, the Taliban and the founder and former leader of the Islamic Emirate of Afghanistan Emir Muhammad Oman (hereinafter "Taliban and Omar Defendants"), specifically:

1. Awarding each estate of the individuals killed in the September 11 Terrorist Attacks listed in Exhibit A ("Schneider decedents") damages for conscious pain and suffering against the Taliban and Omar Defendants in the amounts of $2,000,000 per decedent, which is the same amount this court previously awarded to them;

[1] The plaintiffs collectively referred to as "*Schneider* Plaintiffs" initially filed an action in this Court against the defendants who are the subject of this motion on September 10, 2002 at 02-cv-7209. By Stipulation and Order dated November 19, 2002, their claims were consolidated in *Ashton v. al Qaeda Islamic Army, et. al.*, 02-CV-6977, ECF 5. All of the *Schneider* plaintiffs were included in the *Ashton* 6th Amended Complaint filed September 30, 2005 (ECF 1463) which was the operative pleading at the time this Court issued a liability judgment for the consolidated *Ashton* plaintiffs against the *Taliban* and *Omar* Defendants (and others) on May 12, 2006, ECF 1797.

2. Awarding each estate representative listed in Exhibit B who are named as such in the original and consolidated amended complaints and are also the immediate family members of a Schneider decedent, solatium damages in the same amounts that this court has previously awarded to those family members;

3. Awarding the immediate family members of the Schneider decedents listed in exhibit B, whose 9/11 decedents were named in the original and consolidated amended complaints, solatium damages in same amounts this court has previously awarded to those immediate family members;

4. Awarding these Schneider plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment for damages;

5. Granting the Schneider plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

6. Granting permission for all other Schneider plaintiffs in this action not appearing on the exhibits to the Schwartz Declaration to submit applications for damages awards in later stages to the extent such awards have not been previously addressed.

As the awards set forth in the proposed order represent the only direct recovery by the *Schneider* plaintiffs against the Taliban and Omar Defendants, the proposed order would constitute final awards and judgments against the Taliban and Omar Defendants for the *Schneider* Plaintiffs.

## I. Procedural Background

On September 10, 2002, the *Schneider* Plaintiffs filed their first complaint against the alleged sponsors of the September 11, 2001 terrorist attacks which included claims against defendants al Qaeda Islamic Army, the Taliban, and Muhammad Omar, among others. *See* 02-cv-7209. (S.D.N.Y.) ECF 1.[2] As referenced above in footnote 1, that complaint, and a subsequent complaint, were consolidated and made a part of the action referred to in this litigation as *Ashton*

[2] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

*v. al Qaeda et. al.* which has been amended multiple times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.[3]

In their complaints, the *Schneider* Plaintiffs asserted federal jurisdiction against the *Taliban* and *Omar* Defendants pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)(7)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"), and made claims for damages against those defendants under those provisions as well as under the Anti-Terrorism Act (18 U.S.C. § 2333) and state law for the deaths, injuries and losses suffered in the Sept. 11 Terrorist Attacks. *See, e.g.,* 02-cv-6977, ECF 465 at ¶¶ 2-3, 10-12, 464-466, 469-70, 473-74, 477-78, 481-82, 486-89.

This Court issued an order authorizing services of process by publication on certain defendants, including the *Taliban* and *Omar* Defendants. ECF 445 at 1, 8, 11. The *Schneider* Plaintiffs, and others, served the *Taliban* and *Omar* Defendants by publication with verification of publication filed on March 16, 2005 and March 31, 2005. ECF 709, 735.[4] The *Taliban* and *Omar* Defendants never answered, and the *Schneider* Plaintiffs, as part of the *Ashton* action,

---

[3] In a Case Management Order, this Court set forth a process for adding plaintiffs by listed the names and filing as supplemental pleadings under Fed.R.Civ.P. 15(d) and ordering that "plaintiffs added by this procedure need not re-serve defendants who have already been served." ECF 247 at ¶12.

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble, and punitive damages within 60 days. ECF 709 at2; 735 at 2. The jurisdictional and factual allegations against the *Taliban* and *Omar* defendants as set forth in the operative complaint at the time of service did not change in the subsequent amendments. Compare 02-cv-6977 (S.D.N.Y.)(Ashton Consolidated Master Complaint, Filed 03/06/2003), ECF 11 at ¶ 2, 10-12, 112-114, 178-179, 600, 602-603, 605-606, 608-609, 610-612, 615-619 *with* 02-cv-0297 (S.D.N.Y)(Sixth Amended Complaint, Filed 09/03/2005) ECF 465 at ¶¶ 2, 10-12, 78-79, 123-125, 464-466, 469-470, 473-474, 477-478, 481-482.

thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the *Taliban* and *Omar* Defendants).[5]

Previously, in connection with their claims against defendant Islamic Republic of Iran ("Iran"), another defendant in the complaints naming the *Taliban* and *Omar* Defendants, this Court granted the *Schneider* Plaintiffs, as part of the *Ashton* action, a default liability judgment. ECF 3021. Thereafter, in an order in connection with the damages assertions set forth in the *Schneider* complaints, this Court issued final damages judgments against Iran, granting the *Schneider* Plaintiffs' motions for:

Compensatory damages for the conscious pain and suffering of the *Schneider* 9/11 Decedents; and Solatium damages for the immediate family members (and their functional equivalents) of the *Schneider* 9/11 Decedents.

The *Schneider* Plaintiffs listed in the Exhibit to the Schwartz Declaration now move this Court to grant the proposed Order awarding them damages for, as noted on those exhibits, conscious pain and suffering and solatium losses arising out of the deaths of those individuals killed in the Sept. 11 Terrorist Attacks in the same amounts as awarded previously as against defaulting defendant Iran and directing that pre-judgment interest be assessed at 4.96 percent per annum.

The *Schneider* Plaintiffs listed in the Exhibits to the Schwartz Declaration now move this Court to grant the proposed Order awarding them damages for, as noted on those exhibits,

[5] This Court entered a default liability judgment on May 12, 2006, stating it applied to all claims, plaintiff, and defendants up to and through the Sixth Amended Complaint. ECF 1797.

conscious pain and suffering and solatium losses arising out of the deaths of those individuals killed in the Sept. 11 Terrorist Attacks in the same amounts as awarded previously as against defaulting defendant Iran and directing that pre-judgment interest be assessed at 4.96 percent per annum.

The *Schneider* Plaintiffs estates listed in Exhibit A are asserting damages for pain and suffering.

Exhibits A and B asserting damages claims for the estates of the *Schneider* 9/11 Decedents killed in the Sept. 11 Terrorist Attacks; Exhibit B asserting claims for solatium damages of those immediate family members listed by name as personal representatives of the *Schneider* 9/11 Decedents'estates no later than the Sixth Amended Complaint, which was the operative pleading at the time this Court issued a liability judgment again the *Taliban* and *Omar* Defendants, and who were also added to the docket via Notice of Amendment against defendants Iran and Sudan; and

The *Schneider* Plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants not included in the attached exhibits, should any other applications be warranted.

**II. Damages**

The *Schneider* Plaintiffs claimed damages, as relevant here, pursuant to the ATA's civil damages provision, the TVPA, the FSIA (if the Taliban are determined to be the governing body for the nation state of Afghanistan) and state law. 02-cv-6977 (S.D.N.Y.), ECF 465 at 235-240.

According to the case law governing terrorism litigation, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,* 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC,* 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs

were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) (allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive damages are not available under ATA, its civil action provision "provides for treble damages").

Though a claim under the FSIA is available only to a "claimant or . . . victim [who] was . . a national of the United States; a member of the armed forces; or otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment," under the Alien Tort Statute, which was another source of jurisdiction the *Schneider* Plaintiffs asserted, district courts have authority to hear claims brought against non-sovereign defendants by both U.S. nationals and non-U.S. nationals. *See* 28 U.S.C. § 1350. Further, the ATA (for U.S. nationals) and state law remedies (for U.S. nationals and non-U.S. nationals) also provide remedies against a non-sovereign defendant for those killed or injured in an attack in the U.S.

**A. Conscious Pain and Suffering**

Plaintiffs identified in Exhibit A are all estates of *Schneider* 9/11 Decedents, who experienced agonizing suffering prior to their deaths in the September 11, 2001 terrorist attacks. Schwartz Decl. at ¶ 7. This Court has previously assessed claims for the extraordinary conscious pain and suffering experienced by those who lost their lives on September 11, 2001, including for those 9/11 Decedents identified on Exhibit A. ECF No. 2618 at 7 – 9. The *Schwartz* Plaintiffs now respectfully request that this Court grant the *Schwartz* 9/11 Decedents whose estates are set forth in Exhibit A, a total compensatory damages judgment that reflects the previously awarded

$2,000,000 for each 9/11 Decedent. That total final damages amount for each *Schneider* 9/11 Decedent is listed in Exhibit A.

**B. Solatium Damages**

"Acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22. Reflecting the nature of terrorist attacks, which are intended to cause emotional damages to those closest to the physically injured party, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003) (solatium damages available under FSIA), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005); *Ungar*, 304 F. Supp. 2d at 264-65 (fullest range of damages should be available to plaintiffs in terrorism litigation, including "all the weapons available in civil litigation"); *Lelchook*, 2011 WL 4087448, at *2 (plaintiffs may "'pursue claims for solatium [emotional] damages' under the ATA") (brackets in original); *Henkin v. Kuveyt Turk Katilim Bankasi*, 495 F. Supp. 3d 144, 152 (EDNY 2020) ("[c]ourts permit "[p]laintiffs to pursue claims for solatium [emotional] damages" under the ATA.") *citing Lelchook*, 2011 WL 4087448, at *2.

To this end, "[s]pouses and relative[s] in direct lineal relationships are presumed to suffer damages for mental anguish. *Knox v. Palestine Liberation Org.*, 442 F. Supp. 2d 62, 78 (S.D.N.Y. 2006); *Morris*, 415 F. Supp. 2d 1323, 1337 (D.Utah 2006) (holding that "victim's family may recover under § 2333 for the victim's lost wages and pain and suffering, and for the victim's wife and children's loss of companionship, society, and guidance, and mental anguish);

*Ungar*, 304 F. Supp. 2d at 267 (holding plaintiffs entitled under § 2333 to economic and noneconomic damages, including loss of companionship and society, and mental anguish experienced by the victim's surviving family members).

Solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims. *See, e.g., Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)( "[c]ourts have uniformly held that a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Thus, this Court has previously awarded solatium damages to "immediate family members" – that is, the spouse, children, parents, and siblings of those killed in the September 11, 2001 Terrorist Attacks (or their functional equivalents), ECF 3363 – who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *See e.g.,* ECF 3341, 3387, 3399, 3402, 3403, 3408, and 5701. The four established categories of family relationships – spouses, children, parents, and siblings – do not require any additional showing of the nature of the underlying relationship.

To fashion a solatium award adequately compensating the surviving family members in the litigation when issuing solatium damages as against defendant Iran, this Court looked to the analysis undertaken by District Court Judge Royce Lambert in the *Heiser* case. 466 F. Supp. 2d 229. There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.*

Recognizing that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief and, "[w]orse yet, … are faced with frequent reminders of the events of that day," ECF 2618 at 10 – 12, this Court adopted the following solatium damages framework:

| **Relationship to Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | 8,500,000 |
| Child | 8,500,000 |
| Sibling | 4,250,000 |

The losses claimed in this motion are identical to those that this Court ordered in connection with the final judgment against Iran. The amount of solatium damages previously adopted in the judgments against Iran should apply equally to the *Taliban* and *Omar* Defendants.

The relationships between the decedent and the *Schneider* Plaintiffs are set forth in Exhibit B accompanying the Schwartz Declaration. The *Schneider* Plaintiffs have direct relationships previously recognized as being presumptively qualified for solatium damages; the relationships between the *Schneider* Plaintiffs and the immediate family members killed in the September 11, 2001 terrorist attacks have been verified; the *Schneider* Plaintiffs survived the death of their immediate family members on September 11, 2001; the *Schneider* Plaintiffs do not have another known claim pending before this Court for compensation against the *Taliban* or *Omar* Defendants; the *Schneider* Plaintiffs have not recovered against the *Taliban* or *Omar* Defendants; the *Schneider* Plaintiffs have not come close to satisfying their judgments against Iran, and this Court previously granted solatium damages in the amounts sought here. Schwartz Decl.

The *Schneider* Plaintiffs in Exhibit B are individuals who were identified by name as the estate representatives of *Schneider* 9/11 Decedents no later than the filing of the Sixth Amended Complaint, which expressly identified claims for solatium damages; are also immediate family members of *Schneider* 9/11 Decedents;[1] and were added in that capacity via Notice of Amendment as to defendants Iran and Sudan. Schwartz Decl. at ¶ 11. The *Schneider* Plaintiffs in Exhibit B are all additional immediate family members of *Schneider* 9/11 Decedents on the Sixth Amended Complaint, which asserted claims for all survivors of the *Schneider* 9/11 Decedents, and which expressly identified claims for solatium damages; were not included by name in that pleading; and have now been added via Notice of Amendment as to defendants Iran and Sudan. Schwartz Decl. at ¶ 11.

The *Schneider* Plaintiffs therefore respectfully request that this Court issue a final judgment ordering payment of solatium damages to the *Schneider* Plaintiffs listed in Exhibits B in the amounts set forth in that exhibit.

**C. Punitive Damages**

While *Schneider* Plaintiffs are also entitled to punitive damages, in light of prior differing decisions on the proper punitive multiplier, (*compare, e.g.,* ECF No. 2623 at 5, ECF No. 3175 at 3, ECF No. 3229 at 1, ECF No. 3300 at 1 *with* ECF No. 3363 at 28, 3384 at 6, and ECF No. 3387 at 1) the *Schneider* Plaintiffs request permission to address the issue of punitive damages at a later date as this Court has previously allowed ECF No. 3666.

**D. Prejudgment Interest**

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation adopted by this Court, concluded that to the extent the *Schneider* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per

annum from September 11, 2001, until the date the judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate. ECF No. 3175 at 1 – 2. Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF No. 3384 at 6. Accordingly, the *Schneider* Plaintiffs asks that this Court direct that prejudgment interest of 4.96 percent per annum on their awards running from September 11, 2001, until the date of judgment, as was done previously in this consolidated litigation.

**III. Conclusion**

For all of the reasons herein, as well as those set forth in the previous submissions, the *Schneider* Plaintiffs respectfully request that this Court grant the proposed order:

1. Awarding each estate of the individuals killed in the September 11 Terrorist Attacks listed in Exhibit A damages for conscious pain and suffering against the *Taliban* and *Omar* Defendants in the amount of $2,000,000 per decedent, which is the same amount this Court previously awarded to them;

2. Awarding the immediate family members of the *Schneider* 9/11 Decedents in Exhibit B, who are also named in the complaints as the representatives of the estates of the *Schneider* 9/11Decedents, solatium damages in the same amounts that this Court has previously awarded to them;

4. Awarding the immediate family members (and the functional equivalents) of Schneider 9/11 Decedents listed in Exhibit B solatium damages in the same amounts that this Court has previously awarded to them;

5. Awarding these plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the

judgment for damages; and

6. Granting the *Schneider* Plaintiffs permission to seek punitive damages, and other appropriate damages at a later date.

Dated: New York, New York
March 29, 2022

Respectfully submitted,
BRODER & REITER
BY: /s/ Meryl I. Schwartz
Meryl I. Schwartz, Esq.
350 Fifth Avenue, Suite 6400
New York, New York 10118
Tel: (212) 736-0979
Email: mschwartz@jcreiterlaw.com
Attorneys for Schneider Plaintiffs